IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AIMIE SINJU,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPRESS RECOVERY SERVICES, INC.,<br><br>    Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:12-CV-880<br><br>Judge Tena Campbell |

    Plaintiff Aimie Sinju brought this action against Defendant Express Recovery Services, Inc., (Express Recovery Services) in September 2012, alleging violations of the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1601 et seq. Ms. Sinju filed a Motion for Leave to File Amended Complaint on February 8, 2013. On July 12, 2013, Express Recovery Services filed a Motion for Summary Judgment. Before hearing argument on the two pending motions, the court requested that both parties submit supplemental briefing on the application of the judicial estoppel doctrine as it pertains to Ms. Sinju's failure to list this lawsuit in her bankruptcy papers and to Ms. Sinju's declaration in the bankruptcy papers that the debt from the Rocky Mountain Power account is an undisputed debt that she owes. Because judicial estoppel is an equitable doctrine to be applied in consideration of the facts and circumstances of each case, the court finds that Ms. Sinju is judicially estopped from asserting her FDCPA claim against Express Recovery Services. Accordingly, Express Recovery Services' Motion for Summary Judgment is GRANTED and Ms. Sinju's Motion to Amend is DENIED AS MOOT.

BACKGROUND

In 2011, Rocky Mountain Power retained Express Recovery Services to collect a debt on a utility account. The account was for electricity at a home in West Valley City, Utah. Ms. Sinju was originally the named account holder, but had switched the name on the account or a new account was started in Coree Roberson's name.[1] At the time services were terminated with Rocky Mountain Power, the account had an outstanding balance of $219.18. On March 22, 2012, Express Recovery Services contacted Ms. Sinju in an attempt to collect the outstanding debt. On September 14, 2012, Ms. Sinju filed this lawsuit.

Ms. Sinju filed for Chapter 7 bankruptcy on November 17, 2012, in the United States Bankruptcy Court, District of Utah. Ms. Sinju's bankruptcy petition failed to disclose this lawsuit as a potential asset of her estate. On schedule B of her bankruptcy papers, Ms. Sinju checked "none" as to item 21, which requires petitioners to disclose "[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor, and rights to setoff claims."[2] Ms. Sinju also failed to list the present suit under Item 4 of her statement of financial affairs, requiring the debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party" within the preceding year of filing for bankruptcy.[3] On schedule F of the bankruptcy petition, "Creditors Holding Unsecured Nonpriority Claims," Ms. Sinju listed Rocky Mountain Power as a creditor.[4] Ms. Sinju did not mark this debt as disputed. After completing the required information, Ms. Sinju verified that she had read the petition, schedules,

---

[1] Sinju Dep. 27:6-11, Jan. 31, 2013, Ex. D to Def.'s Mot. for Summ. J., Docket. No. 32-4; Rocky Mountain Power Account Update, Ex. E to Def's Mot. for Summ. J., Docket. No. 32-5.
[2] Bankruptcy Papers 18, Ex. H to Def.'s Mot. for Summ. J., Docket No. 32-8.
[3] Id. at 49.
[4] Id. at 32.

and statement of financial affairs, certified that all of the information contained therein was true and correct, and signed the petition under penalty of perjury. In February 2013, the bankruptcy court entered an order granting Ms. Sinju a discharge.

On April 5, 2013, Express Recovery Services filed a Motion to Dismiss. In the motion, Express Recovery Services pointed out that Ms. Sinju had not listed the pending FDCPA lawsuit anywhere in the bankruptcy papers. Ms. Sinju subsequently amended the statement of her financial affairs and schedules B and F of her bankruptcy petition on May 16, 2013. On October 18, 2013, the trustee was discharged and the case was closed.

ANALYSIS

Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).

Judicial Estoppel

Judicial estoppel is "an equitable principle which generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." USLIFE Corp. v. U.S. Life Ins. Co., 560 F.Supp. 1302, 1304 (N.D. Tex. 1983). The purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment . . . [and] to prevent improper use of judicial machinery." Queen v. TA Operating, LLC,

734 F.3d 1081, 1087 (10th Cir. 2013) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). The court may invoke the doctrine of judicial estoppel at its discretion. Id. (citing New Hampshire, 532 U.S. at 750).

The court typically considers three factors in deciding whether to apply the doctrine of judicial estoppel: (1) a party's subsequent position must be "clearly inconsistent" with its former position; (2) whether the party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) if the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped. Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting New Hampshire, 532 U.S. at 751).

### Ms. Sinju's Positions Are Clearly Inconsistent

As a debtor in the bankruptcy court, Ms. Sinju was asked to disclose any litigation in which she was a party within one year of filing for bankruptcy. Ms. Sinju did not list the present lawsuit anywhere in the bankruptcy petition, which effectively concealed the existence of the lawsuit from the bankruptcy court. Ms. Sinju's assertion of her claim against Express Recovery Services in this case is inconsistent with the position that she took in her bankruptcy filing.

### The Bankruptcy Court Accepted Ms. Sinju's Former Position

When the bankruptcy court granted Ms. Sinju a discharge under 11 U.S.C.A. § 727, it relied on her declarations. The bankruptcy court relied on Ms. Sinju's schedule B and the statement of her financial affairs, which failed to mention this lawsuit and the bankruptcy court also relied on schedule F, which did not show that Ms. Sinju disputed the debt owed to Rocky

4

Mountain Power. These declarations misled the bankruptcy court to accept Ms. Sinju's position that she had no claims which could be deemed an asset of her bankruptcy case.

### Ms. Sinju Would Gain an Unfair Advantage

Ms. Sinju received the ultimate benefit of bankruptcy when she received a discharge, which relieved her of the obligation to pay any outstanding debts. By maintaining this suit without disclosing it in her bankruptcy petition, Ms. Sinju gained an unfair advantage over her creditors. See Moses v. Howard Univ. Hosp., 606 F.3d 789, 799-800 (D.C. Cir. 2010). And by allowing this suit to continue, Ms. Sinju would receive another unfair benefit if she ultimately prevailed over Express Recovery Services.

### CONCLUSION

In exchange for the benefit of a discharge, Ms. Sinju was required to fully and honestly disclose her debts and financial obligations. Ms. Sinju does not give a reason why such disclosure was not initially provided. And it seems that Ms. Sinju only amended her bankruptcy petition after Express Recovery Services filed their motion to dismiss and alerted the court to the inconsistencies between Ms. Sinju's cases. The fact that the bankruptcy issued an order discharging the trustee and closing the case after Ms. Sinju had amended her petition is inconsequential. A discharge in bankruptcy is "sufficient to establish a basis for judicial estoppel, 'even if the discharge is later vacated.'" Eastman, 493 F.3d at 1160 (quoting Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001)). Allowing Ms. Sinju to "rewind" and alert the bankruptcy court to this case only after "[her] omission had been exposed would 'suggest[] that a debtor should consider disclosing potential assets only if [she] is caught concealing them. The so-called remedy would only diminish the necessary incentive to provide

5

the bankruptcy court with a truthful disclosure of the debtor's assets.'" Id. (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002).

Accordingly, Express Recovery Services' motion for summary judgment (Docket No. 32) is GRANTED. Ms. Sinju's motion to amend (Docket No. 12) is DENIED AS MOOT.

SO ORDERED this 16th day of December, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge